R. L. BAILEY, trading and doing business as Eagle Theater, and BANK OF BLOUNTSTOWN, a corporation, v. LUCILLE CLENDENON.

172 So. 94.

Opinion Filed January 20, 1937.

*H. V. McClellan,* for Appellant;

No appearance for Appellee.

BUFORD, J.—The appeal brings for review a decree in favor of the appellee for the sum of $70.00 and costs.

Bill of complaint was filed in the Circuit Court setting up in effect the following state of facts:

The defendant, Bailey, operated a moving picture show and in connection with the show he operated what is commonly known as Banknight or Jack-Pot Night. That upon engaging in this feature the defendant, Bailey, kept a registration book in which persons who purchased tickets to the picture show were requested to and allowed to register their names opposite numbers appearing in the book in numerical sequence. That Bailey agreed with the patrons of the show that this feature would be operated by his depositing in the Bank of Blountstown before the first drawing to be had the sum of $20.00 and on the first Thursday night thereafter if a number should be drawn and that number appeared opposite the name of a person who is registered and that person should be present in the theater at the time of the drawing, he would pay such person the $20.00 and in event the person whose name is drawn should not be in the theater when the drawing occurred he would then add $10.00 to the $20.00 already deposited in the bank and on the following Thursday night would draw a number in like manner with the result that if the person whose name was oppo-

site the number drawn should be in the theater at the time of the drawing he would deliver to said person the sum of $30.00, but if such person was not present then he would add another $10.00 to the $30.00 in the bank and continue this process until the person whose name was opposite the number drawn should be present in the theater at the time the drawing occurred, whereupon such person would receive the entire amount accumulated and deposited, and thereafter another $20.00 deposit would be made and the same procedure gone over again and again. That after appellee returned from her absence she registered her own name in the book kept for that purpose. That the number opposite her name as registered by her was 599 and that on October 31, 1935, the amount in the fund agreed to be delivered to the person whose name appeared opposite the number drawn was $70.00. No. 599 was drawn and the complainant was then in the picture show. She alleged that this amount of money with other money was in the Bank of Blountstown to the credit of the defendant Bailey and upon the number opposite her name being drawn she was entitled to that fund and the bank thereupon held the fund in trust for her. Bailey answered, admitting the operation of the motion picture show, as alleged, and the operation of Bank Night feature as alleged, and he further alleged that upon inaugurating this feature he had voluntarily registered the names of a number of persons in the book which he proposed to keep for that purpose, and did keep for that purpose. That amongst others whom he registered was the complainant and that he registered her name opposite No. 467. That at the time the complainant was absent from Blountstown but later returned and registered her own name in the book opposite No. 599. That it was a rule adopted by the defendant, Bailey, and made

known to all patrons of the picture show, that one person could only be registered one time in the book kept for that purpose. That when he found that the complainant had registered, causing her name to appear the second time on the book, he struck off her name opposite the number 599 and advised the complainant that he had done so, to which complainant made no objection, but that he inadvertently failed to remove from the receptacle kept for that purpose the ticket bearing the corresponding number 599. That at the time alleged in the bill of complaint the number 599 was drawn from the receptacle kept for that purpose and thereupon Bailey announced that that number had been drawn but that as the name had been stricken from the book on account of its second appearance there, he would discard that number and draw another one, which he did, and that although the complainant was then present she made no objection to that procedure but afterwards filed this suit, and the defendant denied liability to the complainant because of the drawing as aforesaid.

The Bank of Blountstown filed an answer in which it alleged that it had on deposit money sufficient to pay the claim of the complainant but had no authority to pay the claim.

While answers were filed and the bill of complaint was not attacked in the court below, it appears from the face of the record that there was no equity in the bill. There was nothing involved to give a court of equity jurisdiction. If Bailey was liable to the complainant the amount of that liability was definitely fixed at $70.00 and could have been enforced, if enforceable at all, in a court of law and the money then in the Bank of Blountstown to the credit of Bailey sufficient to pay a judgment which might be obtained by complainant could have been effectually reached

by garnishment. The case could not be transferred to the law side of the Circuit Court because the amount involved is not in the jurisdiction of the Circuit Court.

As the bill of complaint set up no cause of action cognizable in a court of equity, the same should have been dismissed as the court was without jurisdiction to enter decree.

For the reasons stated, the decree is reversed and the cause remanded with directions that same be dismissed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and DAVIS, J. J., concur.